Jad T. Davis (SBN 219947)
Thomas V. Wynsma (SBN 293713)
SHOOK, HARDY & BACON L.L.P.
5  Park Plaza, Suite 1600
Irvine, California 92614
Telephone:   949-475-1500
Facsimile:    949-475-0016
jtdavis@shb.com
twynsma@shb.com

Attorneys for Plaintiff
12909 CORDARY, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12909 CORDARY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HUSSEIN M. BERRI, an individual, EXCALIBER FUELS, a California corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-1748<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF:**<br>**(1)  STRICT LIABILITY UNDER RCRA, 42 U.S.C. § 6972**<br>**(2)  COST RECOVERY UNDER CERCLA, 42 U.S.C. § 9607(a)**<br>**(3)  CONTRIBUTION UNDER CERCLA, 42 U.S.C. § 9613(f)**<br>**(4)  DECLARATORY RELIEF UNDER CERCLA, 42 U.S.C. § 9613(g)(2)**<br>**(5)  EQUITABLE COMPARABLE INDEMNITY**<br>**(6)  TOTAL EQUITABLE INDEMNITY**<br>**(7)  PRIVATE NUISANCE**<br>**(8)  TRESPASS**<br>**(9)  NEGLIGENCE**<br>**(10)  DECLARATORY RELIEF**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff 12909 CORDARY, LLC, by and through its undersigned attorneys, files this Complaint and alleges as follows:

## PARTIES AND INTRODUCTORY ALLEGATIONS

1.     Plaintiff 12909 CORDARY, LLC (Cordary) is, and was at all relevant times, a California limited liability company that owns the real property located at

14041 Newland Street, Westminster, California 92683 (Newland Property).

2.     Cordary is informed and believes that Defendant HUSSEIN M. BERRI (Defendant Berri) is an individual residing in the County of Orange, California.

3.     Cordary is informed and believes that Defendant EXCALIBER FUELS (Defendant Excaliber) is, and was at all relevant times, a California corporation with its principal place of business in the County of Orange, California.

4.     Cordary is informed and believes that Defendant Berri is the President and Chief Executive Officer of Defendant Excaliber.

5.     Cordary is informed and believes that Defendant Berri owns real property located at 8482 Westminster Boulevard, Westminster, California 92683 (Excaliber Property).

6.     Cordary is informed and believes that Defendant Excaliber operates a gasoline service station at the Excaliber Property.

7.     Cordary's allegations in this Complaint are based upon information and belief, except those allegations that pertain to Cordary, which are based on personal knowledge.  The allegations of this Complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

8.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Cordary who therefore sues said DOE Defendants by such fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein alleged, and Cordary's damages as alleged herein were proximately caused by such DOE Defendants.  Cordary will ask leave of Court to amend this Complaint and insert the true names and capacities of said DOE Defendants when the same have been ascertained.

9.     Defendant Berri, Defendant Excaliber, and DOE Defendants are

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

collectively referred to as Defendants.

10.     At all times material herein, each Defendant was the agent, servant and employee of certain remaining Defendants, acting within the purpose, scope and course of said agency, service and employment, with the express and/or implied knowledge, permission and consent of those remaining Defendants, and each of them, and each of said Defendants ratified and approved the acts of the other Defendants.

## JURISDICTION AND VENUE

11.     The Court has jurisdiction over this civil action under Title 28 U.S.C. section 1331 and Title 42 U.S.C. section 6972.   The Court has supplemental jurisdiction over state law claims under Title 28 U.S.C. section 1367 because the federal and state claims arise from a common nucleus of operative facts.

12.     Venue is proper in this District under Title 28 U.S.C. section 1391(b) and Title 42 U.S.C. section 6972 because the alleged releases and/or threatened releases occurred in this District.

## GENERAL ALLEGATIONS

13.     The property at issue in the lawsuit is a multi-unit residential apartment building at the Newland Property, which is owned by Cordary.

14.     Cordary is informed and believes that Defendants are the owners and operators of the Excaliber Property.  The Excaliber Property is located adjacent to the Newland Property to the north and upgradient or upstream of the Newland Property.

15.     Cordary is informed and believes that the Excaliber Property is, and has been, occupied as a gasoline service station, wherein petroleum products and VOCs were used, from the 1960s to present.

16.     The Excaliber Property is contaminated with petroleum hydrocarbons such as benzene and Volatile Organic Compounds (VOCs) such as toluene, ethylbenzene, xylenes, MTBE, and TBA.

17.     According to the California State Water Resources Control Board

(SWRCB), a leak of the Underground Storage Tank (UST) systems at the Excaliber Property was reported on September 30, 1999, during the removal of USTs.  A total of five USTs were removed (four gasoline and one waste oil) and five new USTs were subsequently installed in 2001.  As a result of the releases, both soil and groundwater were impacted within the vicinity of the Excaliber Property.  The SWRCB concluded that releases of petroleum hydrocarbons at the Excaliber Property has migrated onto and impacted subsurface soil and groundwater beneath the Newland Property.

18.     In September 2018 and April 2019, an environmental consultant, EarthCon, conducted groundwater monitoring at the Newland Property.  Results from that groundwater monitoring indicated Total Petroleum Hydrocarbon – gasoline (TPH-g) concentrations continue to be reported in several monitoring wells, with a maximum concentration reported in MW5 at 29,000 micrograms per Liter (ug/L). Additionally, reported concentrations of benzene up to 7,000 ug/L, MTBE 550 ug/L, and TBA 19,000 ug/L continue to exceed their respective Maximum Contaminant Levels (MCLs) or California Notification Levels in several monitoring wells on the Newland Property.

19.     The Orange County Local Oversight Program confirmed that based on the concentrations of benzene in the Newland Property soil vapor and sub-slab soil vapor exceeding the attenuated residential screening criteria, remediation is required and a work plan for a feasibility study must be submitted to the agency.

20.     Cordary is informed and believes that benzene and VOCs were never used, released, or disposed of at the Newland Property.

21.     Yet, benzene and VOCs have been detected in sampling work performed at the Newland Property.

22.     Cordary has suffered damages as the result of petroleum hydrocarbons and VOCs disposed of at Defendants' Excaliber Property that migrated onto the Newland Property.  Cordary paid an environmental consultant (Consultant) to

evaluate the impact of petroleum hydrocarbons and VOCs to the soil, groundwater, and sub-slab soil gas as a consequence of disposals at Defendants' Excaliber Property.

23.     The value of the Newland Property and Cordary's ability to obtain competitive financing for the Newland Property have diminished as the result of the petroleum hydrocarbons and VOC contamination from Defendants' Excaliber Property.

24.     Defendants failed to sufficiently investigate, remediate or abate the petroleum hydrocarbons and VOCs disposed of at the Excaliber Property and allowed the petroleum hydrocarbons and VOCs to migrate and damage the Newland Property. Defendants' failure to timely investigate and remediate the petroleum hydrocarbon and VOC contamination has damaged, and continues to damage, Cordary.

25.     Cordary continues to incur costs associated with the petroleum hydrocarbon and VOC contamination from Defendants' Excaliber Property.  The full extent of these future costs are currently unknown.

### FIRST CAUSE OF ACTION

**(For Relief Pursuant to 42 U.S.C. § 6972(a)(1)(B) – Against All Defendants)**

26.     Cordary re-alleges the allegations set forth in paragraphs 1 through 25 above, and hereby incorporates each of them as though they were set forth in full.

27.     Pursuant to the notification requirements set forth in section 7002 of the Solid Waste Disposal Act, as amended by the Resource Conservation Recovery Act of 1976 (RCRA), Title 42 U.S.C. section 6972(b)(2)(A), Cordary has undertaken to notify all Defendants of its intention to file this lawsuit.  This notice dated June 3, 2022 and copies of the United States Postal Service return receipts for Defendants that returned their return receipts have been collected and retained to demonstrate Defendants have received notice of Cordary's intention to file this lawsuit.

28.     As more fully set forth herein above, Defendants were operators and/or owners of the Excaliber Property at the time of sudden and accidental releases and/or

disposals of hazardous substances found at the Newland Property, which constitute solid and/or hazardous waste as those terms are defined by RCRA, Title 42 U.S.C. sections 6903(5)(A)(B) & (27) and the duly promulgated regulations contained in 40 C.F.R. 261 et seq.

29.     The releases and/or disposals of solid and/or hazardous wastes at the Excaliber Property have caused an imminent and/or substantial endangerment to health or the environment by creating a health risk to tenants at the Newland Property, workers at the Newland Property, neighboring properties, and/or shallow groundwater in the area.  Furthermore, the vertical and horizontal migration of the solid and/or hazardous wastes released by Defendants, and not being remedied by the Defendants, potentially endangers the drinking water supplies of a large number of the general public. This endangerment is evidenced by the fact that the hazardous substances and hazardous wastes present at the Excaliber Property have migrated off-site to the Newland Property. Hazardous vapors are also seeping from the subsurface into the air space within the structures on the Newland Property causing imminent and substantial impacts to the ambient air at concentrations in ways potentially harmful to human health.   Defendants' failure and/or refusal to take corrective action while the hazardous substances and solid/hazardous wastes continue to spread puts the public at risk.

30.     As a matter of law, Cordary is entitled to prosecute and maintain this lawsuit, to obtain injunctive relief compelling Defendants' remediation, directing Defendants to: take action to address the endangerment which exists; participate in the hazardous substance and solid/hazardous waste site investigation and clean up; pay the costs and expenses incurred by Cordary in connection with the Newland Property to date; obtain payment for environmental consulting costs for site assessment to date; and, obtain payment of attorneys' fees pursuant to Title 42 U.S.C. sections 6972(a)(1)(B) & (e).

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

31.     As a matter of law, Defendants are strictly liable for all costs and expenses resulting from the releases or discharges of the solid and/or hazardous wastes at the Excaliber Property.  Cordary is entitled to prosecute this claim as a Private Attorney General.  As a result, Defendants are jointly and severally liable for conducting all necessary site assessment and/or remediation of releases or disposals of the hazardous substances and hazardous wastes at the Excaliber Property and the Newland Property.

32.     The regulated hazardous substances and solid/hazardous wastes described above have actually seeped into the soils, soil vapor, and/or ground water at the Excaliber Property and caused damage to the Newland Property. The hazardous substances and solid/hazardous wastes released by Defendants' daily cause ongoing direct and actual harm to the Newland Property for which remedial and preventative measures must be taken.  As a direct and proximate result of Defendants and each of their releases and disposals of hazardous substances and solid/hazardous wastes at the Excaliber Property, and failure to timely investigate and remediate those disposals, Cordary has been damaged and caused to incur environmental agency oversight costs in a sum not yet fully ascertained, and to be proved at the time of trial.  Based on the foregoing, Cordary is entitled to and, hereby demands reimbursement from each Defendant for all of the costs necessary to respond to Defendants' releases or disposals of hazardous substances and solid/hazardous wastes which have injured and continue to injure the Newland Property; Private Attorney General attorneys' fees; and, injunctive relief compelling their implementation of remedial action.

## SECOND CAUSE OF ACTION

### (For Response Costs Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) – Against All Defendants)

33.     Cordary re-alleges the allegations set forth in paragraphs 1 through 32 above, and hereby incorporates each of them as though they were set forth in full.

34.     Section 107(a) of CERCLA, Title 42 U.S.C. section 9607(a), provides that the owner and/or operator of a facility, any person who arranged for disposal or treatment of hazardous substances to a facility, or any person who accepted any hazardous substances for transport to disposal or treatment facilities, from which there is a release, or a threatened release which causes the incurrence of response costs, shall be liable for any necessary costs of response incurred by any person consistent with the National Oil and Hazardous Substances Pollution Contingency Plan (NCP), 40 C.F.C. Part 300.

35.     The Excaliber Property is a "facility" within the meaning of section 101(9) of CERCLA, Title 42 U.S.C. section 9601(9).  The hazardous substances that have been released from the Excaliber Property have migrated to and contaminated the Newland Property.

36.     Each Defendant is a "person" within the meaning of section 101(21) of CERCLA, Title 42 U.S.C. section 9601(21).

37.     Each Defendant is liable under Title 42 U.S.C. section 9607(a) to Cordary.  Defendants are the owners and/or operators of the facility at the Excaliber Property under section 107(a)(1) of CERCLA, Title 42 U.S.C. section 9607(a)(1), from which hazardous substances were released/threatened to be released, and have migrated to and contaminated the Newland Property.  Also, Defendants were the owners and/or operators of the Excaliber Property at the time of disposal of hazardous substances at and from the Excaliber Property under section 107(a)(2) of CERCLA, Title 42 U.S.C. section 9607(a)(2), which migrated to and contaminated the Newland Property.

38.     Methyl Tert-Butyl Ether (MTBE), and other chemicals that were released and/or threatened to be released at the Excaliber Property are "hazardous substances" as defined in section 101(14) of CERCLA, Title 42 U.S.C. section 9601(14).

39.     There has been a release and/or threatened release of hazardous

substances from the Excaliber Property into the environment, within the meaning of sections 101(8) and 101(22) of CERCLA, Title 42 U.S.C. sections 9601 (8) and 9601(22).

40.    Plaintiff Cordary is a person for the purposes of recovery of response costs under section 107(a) of CERCLA, Title 42 U.S.C. section 9607(a).

41.    Plaintiff Cordary has incurred, and will incur, response costs consistent with the NCP, 40 C.F.R. Part 300, as the result of the releases and/or threatened releases of hazardous substances at the Excaliber Property within the meaning of section 101(25) of CERCLA, Title 42 U.S.C. section 9601(25).

42.    Each Defendant is jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, Title 42 U.S.C. section 9607(a), for Plaintiff's response costs incurred as a result of the releases and/or threatened releases of hazardous substances at the Excaliber Property which have migrated to and contaminated the Newland Property.

43.    Pursuant to section 107(a) of CERCLA, Defendants are also liable for interest accrued on Plaintiff's response costs.

## THIRD CAUSE OF ACTION

### (For Contribution Pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f) – Against All Defendants)

44.    Cordary re-alleges the allegations set forth in paragraphs 1 through 43 above, and hereby incorporates each of them as though they were set forth in full.

45.    Section 113(f) of CERCLA, Title 42 U.S.C. section 9613(f), provides that any person may seek contribution from any other person who is liable or potentially liable under section 107(a), during or following any civil action under section 106 or under section 107(a). Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs

among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 106 or section 107.

46.    The Newland Property and Excaliber Property are a "facility" within the meaning of section 101(9) of CERCLA, Title 42 U.S.C. section 9601(9).

47.    Each Defendant is a "person" within the meaning of section 101(21) of CERCLA, Title 42 U.S.C. section 9601(21).

48.    Each Defendant is liable under Title 42 U.S.C. sections 9607(a) and 9613(f) to Cordary.  Defendants are the owners and/or operators of the facility at the Excaliber Property under section 107(a)(1) of CERCLA, Title 42 U.S.C. section 9607(a)(1),  from which hazardous substances were released/threatened to be released, and have migrated to and contaminated the Newland Property.  Also, Defendants were the owners and/or operators of the Excaliber Property at the time of disposal of hazardous substances at and from the Excaliber Property under section 107(a)(2) of CERCLA, Title 42 U.S.C. section 9607(a)(2), which migrated to and contaminated the Newland Property.

49.    If Cordary is found liable for the release and/or threatened release of hazardous substances, which liability Cordary denies, Cordary contends that its liability should be limited to Cordary's equitable share of the response costs. If any liability assessed to Cordary is joint and several, pursuant to CERCLA Section 113(f)(1), Title 42 U.S.C. section 9613(f)(1), Cordary is entitled to contribution from the Defendants for each of their equitable shares of the response costs, including each Defendant's equitable share of any orphan share of the response costs.

50.    While denying liability, in the event Cordary is found liable for response costs, Cordary demands contribution against the Defendants pursuant to Section 113(f) of CERCLA, Title 42 U.S.C. section 9613(f).

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

**FOURTH CAUSE OF ACTION**

**(For Declaratory Relief Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. §**
**9613(g)(2) – Against All Defendants)**

51.     Cordary re-alleges the allegations set forth in paragraphs 1 through 50 above, and hereby incorporates each of them as though they were set forth in full.

52.     Under section 113(g)(2) of CERCLA, Title 42 U.S.C. section 9613(g)(2), Cordary is entitled to a declaratory judgment that each Defendant is jointly and severally liable to Cordary for any response costs Cordary has incurred and for any further response costs Cordary incurs in the future as a result of any release and/or threatened release of hazardous substances at the Excaliber Property.

**FIFTH CAUSE OF ACTION**

**(Equitable Comparative Indemnity; Apportionment of Fault – Against All**
**Defendants)**

53.     Cordary re-alleges the allegations set forth in paragraphs 1 through 52 above, and hereby incorporates each of them as though they were set forth in full.

54.     The Complaint alleges, among other things, conduct by Defendants that entitle Cordary to damages against Defendants, and each of them.

55.     Cordary contends that it is not liable for the events and occurrences giving rise to the claims described in the Complaint.

56.     Upon information and belief, each Defendants were responsible, in whole or in part, for the injuries suffered by Cordary.

57.     If Cordary is found to be responsible for any of its damages, then each Defendant should be required to pay a share of Cordary's damages that is in proportion to the comparative fault of that Defendant in causing Cordary's damages.

58.     As a direct and proximate result of the above, Cordary has been damaged by reason of all response costs and other costs incurred or to be incurred to assess, investigate, monitor, remove, treat, remediate and abate such hazardous substances on

the Newland Property, including all reasonable attorneys' fees and costs as well as all consulting fees incurred in connection with the contamination which has migrated and continues to migrate at/from Defendants' Excaliber Property, and including all costs Cordary has incurred and/or will incur in the future to assess, investigate, monitor, treat, remove and/or remediate the contamination, in a sum not currently known. When the true amount of damages has been ascertained, Cordary will request leave of Court to amend this Complaint to insert the updated amount of damages.

## SIXTH CAUSE OF ACTION

### (Total Equitable Indemnity – Against All Defendants)

59.     Cordary re-alleges the allegations set forth in paragraphs 1 through 58 above, and hereby incorporates each of them as though they were set forth in full.

60.     If Cordary is found in some manner responsible as a result of the incidents and occurrences described in this Complaint, then any liability would be based solely upon a derivative form of liability resulting not from Cordary's conduct, but only from an obligation imposed upon Cordary by law; therefore, Cordary would be entitled to complete indemnity from each Defendant.

## SEVENTH CAUSE OF ACTION

### (For Private Nuisance – Against all Defendants)

61.     Cordary re-alleges the allegations set forth in paragraphs 1 through 60 above, and hereby incorporates each of them as though they were set forth in full.

62.     The unauthorized disposal and release of hazardous substances and contamination and other waste materials at Defendants' Excaliber Property, which has migrated onto Cordary's Newland Property that resulted in a condition which is offensive to the senses, and which is an obstruction to the free use of the Newland Property, and an interference with Cordary's comfortable use and enjoyment of the Newland Property.

63.     As a result of the actions, inactions and omissions of Defendants, and

each of them, a continuing and/or permanent nuisance exists and continues to exist resulting in damage to Cordary on a daily basis, with each release and/or threatened release of hazardous substances and each migration of the same, from the surface into the groundwater, soil and soil vapor, giving rise to a new cause of action. Alternatively, to the extent the injuries and damages cannot be abated, the nuisance is permanent with permanent damages and injuries to Cordary.

64.    The nuisance is specifically injurious to Cordary in that the damages and injuries resulting therefrom are different in type and effect from any damages or injuries that may have resulted to the entire community or neighborhood, in light of Cordary's ownership interest in the Newland Property and in light of Cordary's desired use of the Newland Property.

65.    As a result of the action, inactions and omissions of Defendants, and each of them, Cordary has suffered and will continue to suffer general, compensatory and consequential damages, inclusive of but not limited to any and all amounts incurred and to be incurred for the investigation, assessment, monitoring, testing, treatment, removal and/or remediation of hazardous substances, contamination and wastes on the Newland Property, the diminution in value of the Newland Property, the current limited use of the Newland Property, and loss of income from the intended use of the Newland Property, all in amounts not yet fully ascertained, but which will be more specifically shown in accordance with proof at the time of trial.

66.    Cordary has requested and continues to seek to have Defendants herein abate and enjoin the nuisance, but Defendants have failed and refused to do the same and the nuisance continues to exist. The failure of Defendants to timely mitigate, through assessment, investigation, monitoring, treatment, testing, removal and remediation, the hazardous substances, waste and contamination from the Newland Property, will further increase the damages and injuries Cordary has and will continue to incur.

67.     Cordary prays that a mandatory and/or prohibitory injunction be issued requiring Defendants herein, and each of them, to enjoin and abate said nuisance and/or to perform any and all actions necessary to assess, investigate, remove, remediate, monitor, treat, or cleanup the hazardous substances, wastes and contamination from Defendants' Excaliber Property, specifically the contamination that has migrated onto Cordary's Newland Property.

**<u>EIGHTH CAUSE OF ACTION</u>**

**(Trespass – Against all Defendants)**

68.     Cordary re-alleges the allegations set forth in paragraphs 1 through 67 above, and hereby incorporates each of them as though they were set forth in full.

69.     Cordary is the owner of the Newland Property.

70.     Cordary is informed and believes that Defendants are the owners and operators of the Excaliber Property.

71.     The hazardous substances, wastes and contamination existing in the soil and soil vapor at the Newland Property and the continued migration of the hazardous substances from Defendants' Excaliber Property constitutes a continuing and/or permanent trespass on the Newland Property caused by the actions, inactions and omissions of Defendants, whereby Defendants have acted negligently, intentionally and tortiously in causing such trespass and have acted negligently, intentionally and tortiously in failing to abate and enjoin such trespass and in failing to investigate, assess, monitor, treat, remove and/or remediate such hazardous substances, wastes and contamination.

72.     As a result of the actions and inactions of Defendants, and each of them, a continuing trespass exists and continues to exist resulting in damage to Cordary on a daily basis with each release and/or threatened release of any hazardous substance, waste or contamination and each migration of the same from the surface into the soil and soil vapor, giving rise to a new cause of action.  Alternatively, to the extent any

damages and/or injuries cannot be abated, the trespass is permanent, with permanent damages and injuries to Cordary.

73.     As a result of the actions and inactions of the Defendants, Cordary has suffered and will continue to suffer general, compensatory and consequential damages inclusive of but not limited to any and all amounts incurred or to be incurred from the investigation, assessment, monitoring, removal and/or remediation of hazardous substances, wastes and/or contamination, the diminution in value of the Newland Property, the current limited of use of the Newland Property, and loss of income from the intended use of the Newland Property, and all other amounts to be determined in Court with proof at trial, all of which have not yet been fully ascertained but which will more specifically be shown in accordance with proof at the time of trial.

74.     Cordary has requested and continues to request to have Defendants abate and enjoin the alleged trespass, but Defendants have failed and refused to do so and the trespass continues to exist. Cordary requests a mandatory and/or prohibiting injunction be issued requiring Defendants, and each of them, to enjoin and abate the alleged trespass and/or to perform any and all assessment, monitoring, investigation, removal, remediation, treatment, cleanup or otherwise to accomplish the same.

## NINTH CAUSE OF ACTION

### (Negligence – Against All Defendants)

75.     Cordary re-alleges the allegations set forth in paragraphs 1 through 74 above, and hereby incorporates each of them as though they were set forth in full.

76.     Defendants had a duty to use due care in the handling, control, disposal, release, remediation, prevention of migration of hazardous substances due to the gasoline service station operations at Defendants' Excaliber Property.

77.     Defendants negligently, carelessly, and recklessly failed to control the migration of hazardous substances in the soil and soil vapor from migrating off the Excaliber Property and onto Cordary's Newland Property, resulting in the damages

alleged in this Complaint.  This migration is continuing, ongoing and uncontrolled.

78.     Defendants, and each of them, among other things, negligently, carelessly, and recklessly failed to: (1) prevent and control the migration of hazardous substances released at Defendants' Excaliber Property; (2) install and maintain systems to prevent the migration of hazardous substances released at Defendants' Excaliber Property; (3) monitor and discover the migration of hazardous substances released at Defendants' Excaliber Property; (4) warn those who may be injured as a result of the migration of hazardous substances released at Defendants' Excaliber Property; and (5) clean up, contain and abate spills, leaks, discharges and releases to prevent harm and injury to Cordary and the environment.

79.     Defendants knew, or should have known, that the gasoline service station operations at Defendants' Excaliber Property would cause the spill, leak, discharge, release and migration of hazardous substances in the soil and soil vapor to migrate onto Cordary's Newland Property.

80.     As a result of the negligent and reckless actions, inactions and omissions of Defendants, Cordary has suffered and will continue to suffer general, compensatory and consequential damages, including but not limited to amounts incurred or to be incurred by Cordary for the assessment, monitoring, investigation, removal and/or remediation of hazardous substances, wastes and contamination at the Newland Property as well as resulting from the diminution in the value of the Newland Property, lost and decreased revenue, and limited use of the Newland Property, and other amounts that have not been fully ascertained at this time, but all of which will be more specifically shown in accordance with proof at the time of trial.

## **TENTH CAUSE OF ACTION**

### **(Declaratory Relief – Against All Defendants)**

81.     Cordary re-alleges the allegations set forth in paragraphs 1 through 80 above, and hereby incorporates each of them as though they were set forth in full.

82.   An actual controversy exists between Cordary and Defendants in that Cordary contends and Defendants deny that Cordary's allegations with respect to its damages and injury are true, that Defendants, and each of them, have responsibility for such costs and damages that have been or will be incurred for activities performed and/or to be performed in the repair, investigation, assessment, monitoring, treatment, removal, remediation and cleanup of any hazardous substances, wastes or contamination at Defendants' Excaliber Property and contamination that migrated onto Cordary's Newland Property, and for the diminution in the market value of Cordary's Newland Property and the loss of rent, and current limited use of the Newland Property, and for such other damages in amounts that Cordary will continue to incur.

83.   Cordary requests that a judicial determination and declaration setting forth the parties' rights and obligations as necessary and appropriate in order to avoid a multiplicity of actions and in order for the respective parties herein to ascertain their rights and duties with respect to Cordary's claims herein, and each of them.

## **PRAYER**

WHEREFORE, Cordary requests judgment against Defendants, and each of them, for:

1.   For declaratory judgment that:

a.   Defendants are liable to Cordary under applicable statutes, regulations, or principles of common law.

(i)   for any and all past, present and/or future response costs incurred or to be incurred by Cordary in connection with the disposal, release or threatened release of hazardous substances, wastes and contamination on Cordary's Newland Property, together with interest thereon, with Defendants, and each of them, including but not limited to all costs incurred and/or to be incurred to assess, investigate, treat, monitor, remove and/or remediate any hazardous substances and/or

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

contamination from the Newland Property.

           (ii)     For any and all damages sustained by Cordary.

      b.    Defendants are obligated to indemnify Cordary for all costs Cordary has incurred, and will incur, in connection with the contamination problems on Cordary's Newland Property.

      c.    Defendants are obligated, at their expense, to comply with all laws and requirements governing the disposal of hazardous substances to abate the nuisance, trespass and imminent and substantial danger on Cordary's Newland Property.

      d.    Cordary has been irreparably harmed by Defendants breaches of their duties and obligations under all applicable laws and regulations.

      2.    For an Order requiring Defendants to take such action as may be necessary to abate any imminent and substantial endangerment and hazardous waste violations including, but not limited to, any and all investigation, monitoring, testing, removal, and remediation of hazardous substances, and to abate any nuisance or trespass caused by the disposal of hazardous substances/wastes on Cordary's Newland Property.

      3.    For the recovery of any and all past, present and/or future response costs incurred or to be incurred by Cordary in connection with the disposal of, release or threatened release of hazardous substances, wastes and contamination on Cordary's Newland Property, together with interest thereon, with Defendants being strictly liable to Cordary for the same including but not limited to all costs incurred and/or to be incurred to assess, investigate, treat, monitor, remove and/or remediate any hazardous substances and/or contamination from Cordary's Newland Property.

      4.    For the recovery of any and all past, present and/or future response costs incurred or to be incurred by Cordary in connection with the disposal of, release or threatened release of hazardous substances, wastes and contamination on the

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

Excaliber Property, together with interest thereon, with Defendants being strictly liable to Cordary for the same pursuant to CERCLA, Title 42 U.S.C. sections 9607(a) and 9613(f), and all provisions related thereto, including but not limited to all costs incurred and/or to be incurred to assess, investigate, treat, monitor, remove and/or remediate any hazardous substances and/or contamination from the Newland Property.

5.     Damages for the diminution in the market value of the Property and the loss of rent and current limited use of Cordary's Newland Property.

6.     For the recovery of any and all past, present and/or future response costs incurred or to be incurred by Cordary in connection with cleaning and restoring Cordary's Newland Property in a manner that would allow Cordary to utilize the commercial facility for a proper use and purpose given Defendants' failure to take reasonable steps to prevent the migration of hazardous substances from Defendants' Excaliber Property onto Cordary's Newland Property.

7.     For general compensatory and consequential damages against Defendants in amounts to be shown in accordance with proof at the time of trial.

8.     For exemplary damages in an amount sufficient to punish Defendants and to deter Defendants from committing the same or similar acts.

9.     For interest at the legal rate.

10.     For civil penalties in accordance with proof at trial pursuant to RCRA, 42 U.S.C. section 6928.

11.     For attorneys' fees, expert fees and costs, and litigation costs and fees permitted by applicable law.

12.     For such and other further relief as the Court may deem just and proper.

Dated:  September 22, 2022                SHOOK, HARDY & BACON L.L.P.

By: _____
     Jad T. Davis
     Thomas V. Wynsma
     Attorneys for Plaintiff 12909 CORDARY,
     LLC

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff 12909 CORDARY, LLC, by and through its undersigned attorneys,

3  hereby demands a trial by jury on all causes of action under which it is entitled to a

4  jury trial.

5

6  Dated:  September 22, 2022          SHOOK, HARDY & BACON L.L.P.

7

8                                              By: _____

9                                                 Jad T. Davis

10                                                Thomas V. Wynsma
                                                 Attorneys for Plaintiff 12909 CORDARY,
11                                                LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

21

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL