| | |
|---|---|
| 1 | **COLLINS & KHAN LLP** |
| | MARC A. COLLINS (SBN 136769) |
| 2 | AZIM KHANMOHAMED (SBN 277717) |
| | R. MICHAEL COLLUM (SBN 145105) |
| 3 | 3435 Wilshire Blvd., Ste. 2600 |
| | Los Angeles, CA  90010-2246 |
| 4 | Telephone:    323.549.0700 |
| | Facsimile:    323.549.0707 |
| 5 | E-mail:    mcollins@collinskhan.com |
| | E-mail:    akhan@collinskhan.com |
| 6 | |
| 7 | Attorneys for Defendants and Cross-Complainants |
| | HUSSEIN M. BERRI and EXCALIBER |
| 8 | FUELS, a California corporation |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12909 CORDARY, LLC, a California limited liability company, | Case No.  8:22-cv-01748-JWH (JDEx) |
| Plaintiff, | Assigned for All Purposes To: Hon. John W. Holcomb |
| v. | |
| HUSSEIN M. BERRI, an individual, EXCALIBER FUELS, a California corporation; and DOES 1-10, inclusive, | **CROSS-COMPLAINT FOR:** |
| | 1. Equitable Indemnity; |
| | 2. Implied Indemnity; |
| Defendants. | 3. Breach of Contract; and |
| | 4. Declaratory Relief |
| _____ | |
| HUSSEIN BERRI, an individual; EXCALIBER FUELS, a California corporation, | Complaint Filed:   September 26, 2022 |
| | Trial Date:           None Set |
| Cross-Complainants, | |
| v. | |
| 12909 CORDARY, LLC, a California limited liability company; WESTMINSTER LIVING, L.P., a California limited partnership; PACIFIC HOUSING MANAGEMENT, INC, a California corporation; RICARD A. HALL, an individual; and ROES 1 through 100, inclusive, | |
| Cross-Defendants. | |



1
**CROSS-COMPLAINT OF HUSSEIN M. BERRI AND EXCALIBER FUELS**

Cross-Complainants Hussein M. Berri and Excaliber Fuels ("Cross-Complainants") allege as follows:

**CROSS-DEFENDANTS**

1. Cross-Complainant Hussein Berri ("Berri") is an individual residing in the County of Orange, State of California.

2. Cross-Complainant Excaliber Fuels ("Excaliber") is a California Corporation doing business in the County of Orange, State of California.

3. Cross-Complainants Berri and Excaliber are hereinafter refer to as Cross-Complainants.

4. Cross-Complainants are informed and believe that Cross-Defendant 12909 Cordary, LLC ("Cordary") is and at all times relevant to this matter was a California limited liability company doing business in the State of California.

5. Cross-Complainants are informed and believe that Cross-Defendant Westminster Living, LP ("WLLP") is and at all times relevant to this matter was a California limited partnership doing business in the State of California.

6. Cross-Complainants are informed and believe that Cross-Defendant Pacific Housing Management, Inc. ("PHM"), a California corporation is and all times relevant to this matter was a California corporation doing business the State of California, and was at all relevant times acting as a general partner of WLLP.

7. Cross-Complainants are informed and believe that Cross-Defendant Richard A. Hall ("RH") is and all times relevant to this matter is a resident of Orange County, California, and was at all relevant times acting on behalf and was in control of the corporate general partner of WLLP.

8. Cross-Complainants hereinafter collectively refer to Cross-Defendants Cordary, WLLP, PHM, and RH as Cross-Defendants.

9. Cross-Complainants do not know the true names and/or capacities of the persons or entities sued herein as ROES 1 through 50, inclusive, ("Roe or Roes") and therefore sues said cross-defendants by such fictitious names. Each said cross-defendant was in some manner legally responsible for the facts and circumstances in the losses and damages hereinafter alleged. Cross-



2

**CROSS-COMPLAINT OF HUSSEIN M. BERRI AND
EXCALIBER FUELS**

complainant will amend the cross-complaint to set forth the true names and capacities of said cross-defendants along with appropriate charging allegations.

## JURISDICTION

10. The Court has jurisdiction over these claims because they arise out of the same transaction and occurrence alleged in Plaintiff's Complaint so as to form a part of the same case or controversy within the meaning of Article III of the Constitution of the United States of America.

## GENERAL ALLEGATIONS

11. Plaintiff filed a Complaint in this proceeding against Defendants for damages arising out of alleged hazardous substances and contamination of the property located at 14041 Newland Street, Westminster, California 92683 ("Newland Property"), including damages for diminution in the market value of the Newland Property and the loss of rent and current limited use of the Newland Property.

12. On or about February 18, 2000, the predecessor owner of the Newland Property, WLLP filed a Complaint against the same Defendants, Hussein M. Berri and Excaliber Fuels, Inc. alleging the same damages.

13. On or about July 21, 2005 Defendants and WLLP, the predecessor owner of the Newland Property, filed a Stipulation for Entry of Judgment ("Stipulation"), and judgment was entered pursuant to the Stipulation on July 21, 2005 ("Judgment") . Attached hereto collectively as **Exhibit A** and incorporated by reference are true and correct copies of the Stipulation and Judgment.

14. On or about July 2005, Defendants and the predecessor owner of the Newland Property, WLLP, entered into a Settlement and Release Agreement ("SAR"), upon which the Stipulation was based.

15. The SAR at Section 7, unequivocally recites as follows:

> Except as specifically reserved in this Agreement and the Stipulation, each of the parties hereto hereby releases and forever discharges each other and their respective assignees, transferees, principals, partners, officers, directors, shareholders, employees, servants, subsidiaries, parents, heirs, successors…from and against any and all claims, disputes, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, anticipated or unanticipated…



3
**CROSS-COMPLAINT OF HUSSEIN M. BERRI AND EXCALIBER FUELS**

16. The SAR at Section 15, unequivocally recites as follows:

> This Agreement and covenants and conditions contained herein shall apply to, be binding upon and insure to the administrators, executors, conservators, trustees, legal representatives, assignees, **successors**, agents, and assignees of the parties hereto [**emphasis added**]

17. WLLP subsequently sold the Newland Property to Cross-Defendant Cordary. Upon information and belief, WLLP did not disclose the terms of the SAR to Cordary, and Cordary is simply attempting to recover the same damages as its predecessor owner, WLLP. Plaintiff Cordary, in the underlining action, is a successor to WLLP and is legally bound by and must adhere to the terms of the SAR entered into by its predecessor WLLP.

**FIRST CAUSE OF ACTION**

**(Equitable Indemnification – Against Cordary, WLLP, PHM and RH)**

18. Cross-Complainants re-allege and incorporate by reference paragraphs 1 through 17 above as though fully set forth herein.

19. In the event lability should be established in this action or in any administrative or regulatory action based on the contamination alleged in this action, Cross-Complainants allege that Cross-Defendants are bound and obligated to defend, indemnify and hold harmless Cross-Complainants from and against any and all claims, losses, damages, attorneys' fees and other such costs of liability.

20. Any liability, which is expressly denied, was released by the predecessor owner, WLLP and its successors as a part of the SAR and Stipulation in the case known as *Westminster Living, LP v. Hussein Beri, et al.*, Superior Court of California for the County of Orange, Case No. 00CC02401. Cross-Defendants expressly released Cross-Complainants from any liability relating to the Newland Property and such release is binding on Cross-Defendants successors, including Plaintiff Cordary.

21. Cross-Complainants have incurred costs, expenses, and attorneys' fees for the investigation and defense of this action and additional costs and expenses and attorneys' fees will be incurred in the future. Cross-Complainants may suffer liability herein for the acts or failure to act of Cross-Defendants. Cross-Complainants therefore pray from the Court upon ascertainment of said



costs, expenses and attorneys' fees and other such costs of liability, to amend this Cross-Complaint to allege the correct amount thereof.

22. Cross-Complainants allege that an actual controversy exists between Cross-Complainants and Cross-Defendants concerning their respective rights and obligations. Cross-Complainants contend that if Cross-Complainants herein are subject to liability to any party to this action, Cross-Complainant will be entitled to be indemnified by section Cross-Defendants for the full amount of any loss suffered or judgment paid by Cross-Defendants, to any such party costs, attorneys' fees and other expenses, which have been and in the future may be incurred by Cross-Complainants in the defense of this matter related to the Newland Property.

**SECOND CAUSE OF ACTION**

**(Implied Indemnity – Against Cordary, WLLP, PMH, and RH)**

23. Cross-Complainants re-allege and incorporate by reference paragraphs 1 through 17 above as though fully set forth herein.

24. Cross-Complainants allege that if they are found at fault in any matter related to this action, Cross-Complainants are entitled to be indemnified and held harmless from any judgment against them because a duplicative action related to the Newland Property was brought by WLLP, the predecessor owner of the Newland Property, was settled, and all claims against Cross-Complainants were released thereunder. Cross-Defendant Cordary is bound as a successor under the terms of the SAR.

25. And as a result of the wrongful filing of the underlying complaint against Berri and Excaliber, Cross-Complainants are entitled to costs, expenses and reasonable attorneys' fees incurred in defense of this action brought by Cordary.

**THIRD CAUSE OF ACTION**

**(Breach of Contract – Against all Cross-Defendants)**

26. Cross-Complainants re-allege and incorporate by reference paragraphs 1 through 17 above as though fully set forth herein.



27. WLLP, the predecessor owner of the Newland Property, entered into the SAR, agreeing to release and forever discharge Cross-Complainants from any claims related to environmental contamination, diminution of value, etc. in reference to the Newland Property.

28. Pursuant to the terms of the SAR, the SAR is also enforceable against any successor party, including Cordary. The SAR at Section 15, unequivocally recites as follows:

> This Agreement and covenants and conditions contained herein shall apply to, be binding upon and insure to the administrators, executors, conservators, trustees, legal representatives, assignees, **successors**, agents, and assignees of the parties hereto. [**emphasis added**].

29. The Cross-Complainants fully performed under the terms of the SAR including monetary payment to WLLP and PMH.

30. WLLP and upon information and belief Cordary have breached the SAR by the filing of the underlying Complaint against Berri and Excaliber and seeking to hold Excaliber again liable for the claims that had been previously released.

31. Cross-Complainants have incurred costs, expenses, and attorneys' fees for the investigation and defense of this action and additional costs and expenses and attorneys' fees will be incurred in the future. Cross-Complainants may suffer liability herein for the acts or failure to act of Cross-Defendants.

32. Cross-Complainants are entitled to costs, expenses and reasonable attorneys' fees incurred in defense of the underlying action brought by Plaintiff Cordary against Defendants Berri and Excaliber, and WLLP and other Cross-Defendants herein are currently in breach of the SAR.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief – Against all Cross-Defendants)**

33. Cross-Complainants re-allege and incorporate by reference paragraphs 1 through 32 above as though fully set forth herein.

34. If there is found to be liability on the part of Defendants in the underlying action and Cross-Complainants herein to Plaintiff, said liability is barred as a result of the SAR and Stipulation entered into by WLLP, the predecessor owner of the Newland Property, who released all such claims and whose release extends to successor owners of the Newland Property.



6
**CROSS-COMPLAINT OF HUSSEIN M. BERRI AND EXCALIBER FUELS**



35. By reasons of things and matters herein alleged, Cross-Complainants desire a judicial determination of their rights and obligations, and a declaration as to whether, in the event Plaintiff Cordary or any other party obtains judgment against them related to the Newland Property, they are entitled to indemnification and are released from any liability contained in the SAR. Such a declaration if necessary and appropriate in order to ascertain their rights and obligations, and in order to avoid multiplicity of actions, and to promote the settlement of all claims between parties.

## PRAYER FOR RELIEF

WHEREFORE, Cross-Complainants pray for judgment against Cross-Defendants as follows:

1. For a declaration that Cross-Complainants are entitled to whole or partial equitable and implied indemnification from Cordary, WLLP, PMH and RH from and against all expenses, costs of suit, legal fees, damages, judgments or other claims or awards that may be claimed or obtained in this action as they relate to the Newland Property.

2. For a declaration that Plaintiff is barred from brining this action pursuant to the terms of the SAR entered into by the predecessor owner WLLP which also binds successive parties to the terms of the release including Cross-Defendant Cordary.

3. That Cross-Complainants be awarded their costs and attorneys' fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: December 9, 2022         **COLLINS & KHAN LLP**

By: *Azim Khanmohamed*
_____
AZIM KHANMOHAMED
MARC A. COLLINS
R. MICHAEL COLLUM
Counsel for Defendants and Cross-Complainants
HUSSEIN M. BERRI and
EXCALIBER FUELS

**EXHIBIT A**

**James P. Caiopoulos & Associates**
James P. Caiopoulos, Esq., SBN 152644
7755 Center Ave., Ste 1100
Huntington Beach, CA 92647
(714) 372-2285; (714) 372-2286-Facsimile

Attorneys for Defendants, HUSSEIN BERRI and EXCALIBER FUELS

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 21 2005

ALAN SLATER, Clerk of the Court

BY: Debbie Peck, DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF ORANGE- CENTRAL DISTRICT

| | |
|---|---|
| WESTMINSTER LIVING, LP, a California limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>HUSSEIN BERRI, and individual, and DOES 1 to 60, inclusive<br><br>Defendants. | Case No. 00CC02401<br><br>Assigned For All Purposes To:<br>Judge Kim G. Dunning<br>Department CX104<br><br>STIPULATION FOR ENTRY OF JUDGMENT |

IT IS HEREBY STIPULATED, by and between Plaintiff, WESTMINSTER LIVING, L.P., a California Limited Partnership, (hereinafter referred to as "Plaintiff"), and Defendants, EXCALIBER FUELS, a California corporation, originally sued herein as Doe 1 (hereinafter referred to as "EXCALIBER"), and HUSSEIN BERRI, an individual, (hereinafter referred to as "BERRI"). (EXCALIBER and BERRI at times will hereinafter be referred to collectively as "Defendants"), as follows:

1.  Pursuant to the Settlement Agreement entered into by and between Plaintiff and Defendants dated July 19, 2005, Plaintiff and Defendants stipulate that Plaintiff shall have judgment against Defendants jointly and severally in the sum of $125,000.00, of which

- 1 -

$100,000.00, represents damages for the fair market value of the property rendered unsuitable for any beneficial use by Plaintiff and $25,000.00 represents loss of business income suffered by Plaintiff, resulting from the release of petroleum hydrocarbon waste from EXCALIBER's underground storage tanks located at 8484 Westminster Avenue, Westminster, California, unto Plaintiff's property located at 14041 Newland Street, Westminster, California.

2. EXCALIBER acknowledges and stipulates that Plaintiff's property has been contaminated by the release of petroleum hydrocarbon waste from EXCALIBER's underground storage tanks. EXCALIBER further acknowledges and agrees that as a direct result of such contamination, Plaintiff has suffered loss by reason of rendering a portion of Plaintiff's property unsuitable for beneficial use, including but not limited to, loss of swimming pool and parking spaces and ability to remodel, and has also suffered loss of business income as a result of said contamination.

3. The total amount of the judgment of $125,000.00 will not be due and payable until the earlier of the following:

(a) Fifteen (15) days following the payment by the California Underground Storage Tank Cleanup Fund (the "FUND"), to EXCALIBER of its Third Party Claim, or

(b) Nine (9) months following the filing of this Stipulation and Order thereon, or such later date as may be agreed by the parties.

4. Plaintiff hereby stipulates that it will cooperate with EXCALIBER in connection with the filing and processing of said Third Party Claim against the FUND.

5. Judgment shall be stayed until the earlier of the following:

(a) Thirty (30) days following the payment by the FUND to EXCALIBER of its Third Party Claim, or

(b) Nine (9) months and fifteen (15) days following the filing of this Stipulation.

6. The parties hereby waive the provisions of California Code of Civil Procedure Sections 902, 904, 917.1 and 583.310.

7. The parties hereto request that the court reserve jurisdiction in order to enforce the terms of the Stipulation.

Dated: July 19, 2005            JAMES P. CAIOPOULOS & ASSOCIATES

*[signature]*

James P. Caiopoulos, Esq.
Attorneys for Defendants, HUSSEIN BERRI and
EXCALIBER FUELS

Dated: July 19, 2005            LAW OFFICES OF JULANDER, BROWN & BOLLARD

*[signature]*

Richard L. Brown, Esq.
Attorney for Plaintiff, WESTMINSTER LIVING, LP

5045.07\002\StipJmt.022405

- 3 -

Stipulation for Entry of Judgment

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 21 2005

ALAN SLATER, Clerk of the Court

BY: Debbie Peek, DEPUTY

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF ORANGE - CENTRAL DISTRICT

| | |
|---|---|
| WESTMINSTER LIVING LP, a California limited partnership,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HUSSEIN BERRI, an individual; and DOES 1 through 60, inclusive,<br><br>　　　　　Defendants. | CASE NO. 00CC02401<br><br>Assigned For All Purposes To:<br>Judge Kim G. Dunning<br>Department CX104<br><br>[~~PROPOSED~~] **JUDGMENT PURSUANT TO STIPULATION** |

Pursuant to the Stipulation for Entry of Judgment entered into by and between Plaintiff, WESTMINSTER LIVING, L.P., a California Limited Partnership, (hereinafter referred to as "Plaintiff"), and Defendants, HUSSEIN BERRI, an individual, (hereinafter referred to as "BERRI") and EXCALIBER FUELS, a California corporation, originally sued herein as Doe 1 (hereinafter referred to as "EXCALIBER") (collectively, "Defendants"):

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1. Plaintiff shall have judgment against Defendants jointly and severally in the sum of $125,000.00, of which $100,000.00, represents damages for the fair market value of Plaintiff's property located at 14041 Newland Street, Westminster, California (the "Property") rendered unsuitable for any beneficial use by Plaintiff and $25,000.00 represents loss of business income

suffered by Plaintiff, resulting from the release of petroleum hydrocarbon waste from EXCALIBER's underground storage tanks located at 8484 Westminster Avenue, Westminster, California, unto the Property.

2. The judgment amount of $125,000.00 will not be due and payable and enforcement shall be stayed until the earlier of the following:

(a) Fifteen (15) days following the payment by the California Underground Storage Tank Cleanup Fund (the "FUND"), to EXCALIBER of its Third Party Claim, or

(b) Nine (9) months following the filing of the Stipulation for Entry of Judgment and entry of Judgment thereon.

DATED: July 21, 2005

**KIM G. DUNNING**
Hon. Kim G. Dunning, Judge

**PROOF OF SERVICE**
**1013A (3) CCP Revised 5/1/88**

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Two Park Plaza, Suite 450, Irvine, California, 92614.

    On **July 22, 2005**, I served the foregoing document described as **NOTICE OF ENTRY OF JUDGMENT** on the parties in this action as follows:

| | |
|---|---|
| James P. Caiopoulos, Esq.<br>Robert A. Bazzo, Esq.<br>James P. Caiopoulos & Associates<br>7755 Center Drive, Suite 1100<br>Huntington Beach, CA 92647 | PHONE: 714/938-3230<br>FAX:   714/938-3210<br><br>Attorneys for Defendant<br>HUSSEIN BERRI |

\xxx\ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

**\xxx\ BY MAIL**

    \ / I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully paid.

    **\xxx\** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on July 22, 2005, at Irvine, California.

\ / **BY PERSONAL SERVICE** I caused such envelope to be delivered by hand to the addressee listed above. Executed on **, at Irvine, California.

**\XXX\(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\___\/**(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Elizabeth Lewis                     _/s/ Elizabeth Lewis_

# PROOF OF SERVICE
## HUSSEIN BERRI ET AL. V. 12909 CORDARY, LLC ET AL.
### 8:22-cv-01748-JWH (JDEx)

I, the undersigned, am over the age of eighteen years and am resident of Los Angeles County, California; I am not a party to the above-entitled action; my business address is 3435 Wilshire Blvd., Ste. 2600, Los Angeles, CA 90010.

On December 9, 2022 I served the following document(s):

**ANSWER OF DEFENDANTS HUSSEIN M. BERRI AND EXCALIBER FUELS TO COMPLAINT OF 12909 CORDARY, LLC; CROSS-COMPLAINT OF HUSSEIN BERRI AND EXCALIBER FUELS**

Addressed to:

| | |
|---|---|
| Jad T. Davis, Esq. | Attorneys for Plaintiff and Cross-Defendant |
| Thomas V. Wynsma, Esq. | Tel: (949) 475-1500 |
| SHOOK, HARDY & BACON L.L.P. | Fax: (949) 475-0016 |
| 5 Park Plaza, Suite 1600 | Email: jtdavis@shb.com |
| Irvine, CA 92614 | twynsma@shb.com |

_____ BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

_____ BY FACSIMILE: In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

_____ BY OVERNIGHT EXPRESS: I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnight Express drop box in Los Angeles, California.

_____ BY PERSONAL SERVICE: I caused said documents to be personally served on all listed recipients Via ASAP Legal Services.

____X____ BY ELECTRONIC MAIL TRANSMISSION: via email. I caused the listed documents to be electronically filed and or subsequently emailed to the above recipients.

Executed on December 9, 2022, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Sabrina Saleh*
Sabrina Saleh