**COLLINS & KHAN LLP**
MARC A. COLLINS (SBN 136769)
*Email: mcollins@collinskhan.com*
AZIM KHANMOHAMED (SBN 277717)
*Email: akhan@collinskhan.com*
3435 Wilshire Blvd., Ste. 2600
Los Angeles, CA 90010-2246
Telephone: 323.549.0700

Stratton Constantinides (Bar No.305103)
sconstantinides@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Tel: (213) 629-6000

Attorneys for Defendants
*Hussein M. Berri and Excaliber Fuels, a California corporation*

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

12909 CORDARY, LLC

Plaintiff,

v.

HUSSEIN M. BERRI, et al.,

Defendants.

Case No.: 8:22-cv-01748-JWH-JDE

Hon. John W. Holcomb

**DEFENDANTS HUSSEIN M. BERRI AND EXCALIBER FUELS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE DEFENDANTS FROM INTRODUCING OR MENTIONING ANY EVIDENCE, DOCUMENTS OR REPORTS AT TRIAL THAT WERE NOT PRODUCED AND DISCLOSED IN DISCOVERY AND PURSUANT TO RULE 26;**

**DECLARATION OF MARC COLLINS IN SUPPORT**

**Date: March 8, 2024**
**Time: 9:00 a.m.**
**Ctrm: 9D**

Current Trial Date: April 1, 2024

Defendants Hussein M. Berri ("Berri") and Excaliber Fuels ("Excaliber") (collectively "Excaliber Defendants") hereby respond to and oppose Plaintiff's Motion *in Limine* No. 4 to Preclude Defendants from Introducing or Mentioning Any Evidence, Documents or Reports at Trial that were Not Produced and Disclosed in Discovery and Pursuant to Rule 26.

## I. INTRODUCTION

Contrary to Plaintiff's claim, Excaliber Defendants do not intend, nor plan to, surprise Plaintiff with any new documents or evidence at trial. In support of its argument that certain evidence should be excluded at trial as prejudicial, Plaintiff ignores that "Rules 401 and 402 [of the Federal Rules of Evidence] establish the broad principle that relevant evidence—evidence that makes the existence of any fact [that is of consequence] more or less probable—is admissible unless the Rules provide otherwise." *Huddleston v. United States*, 485 U.S. 681, 687 (1988). Here, each category of evidence Plaintiff seeks to preclude Excaliber Defendants from using at trial is relevant to a key element in this case and, thus, should not be excluded. Plaintiff's claim regarding "prejudice" is likewise unfounded. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (citation omitted). As none of the evidence identified by Plaintiff in its motion is *unfairly* prejudicial, Rule 403 does not, and should not, bar Excaliber Defendants from

utilizing the documents and witnesses of which Plaintiff is, and has been for the pendency of this case, already indisputably aware.

## II. EXCALIBER DEFENDANTS SHOULD NOT BE PRECLUDED FROM INTRODUCING PUBLIC RECORDS AND/OR PREVIOUSLY DISCLOSED DOCUMENTS AS EVIDENCE

Plaintiff seeks to exclude evidence purportedly not disclosed in discovery based on the claim that, because of Excaliber Defendants' alleged failure to produce copies of grant deeds and prior litigation records, all of which are summarily public record and/or publicly available documents, is as confusing and misguided as it is legally improper.

Courts have upheld the admissibility of public records in federal court. *See Johnson v. Vilsack*, 833 F.3d 948, 951 (8th Cir. 2016)*; Kehm v. Procter & Gamble Mfg. Co.*, 724 F.2d 613, 617–20, 14 Fed. R. Evid. Serv. 1041 (8th Cir. 1983). Courts have similarly upheld the admissibility of publicly available records and <u>state court filings</u> at trial. *See Basic Capital Management, Incorporated v. Dynex Capital*, Incorporated, 976 F.3d 585, 589–90 (5th Cir. 2020); *Northstar Financial Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1042–43 (9th Cir. 2015).

Irrespective of whether these documents are public records or publicly available, all these documents were either identified or produced during discovery, provided to the parties and the Court in support of Excaliber Defendants' Motion for Summary Judgment (Dkt. 89), and/or created and recorded with Orange County Clerk Recorder's Office by Plaintiff.

Moreover, Plaintiff cannot show any prejudice by the introduction of these documents at trial. Courts have held that, although all evidence offered by a party is intended to be prejudicial to the other party, only evidence that poses a danger of *unfair* prejudice should be excluded. *United States v. Fulmer*, 108 F.3d 1486, 1500 (1st Cir. 1997) (citing *United States v. Wood*, 982 F.2d 1, 4 (1st Cir.1992)).

In its motion, Plaintiff has provided no substantive explanation as to how and

why the admission of public records and publicly available documents, such as grant deeds related to Plaintiff's own recorded documents, and prior litigation records, related to Plaintiff's own property at issue in this lawsuit, would be prejudicial to Plaintiff's case at trial. Accordingly, Plaintiff has no grounds to claim any "prejudice" or "surprise" by the admission and use of these documents at trial.

## III. CONTRARY TO PLAINTIFF'S CLAIMS, EXCALIBER DEFENDANTS HAVE DISCLOSED POTENTIAL WITNESSES DURING THE COURSE OF DISCOVERY

Plaintiff also apparently seeks this Court to preclude Excaliber Defendants from calling *any* witnesses at trial. Similar to the above, Excaliber Defendants previously disclosed all persons presently intended to be called as trial witnesses in response to Plaintiff's written discovery. Plaintiff provides no reasonable scope of this request nor any authority for such a blanket exclusion that would effectively serve to bar Excaliber Defendants from its due process rights to a fair and impartial trial.

For example, beginning with December 9, 2023 and continuing through at least January 15, 2024, Excaliber Defendants identified:

1. In the Cross-Complaint filed by the Excaliber Defendants on **December 9, 2022** ([Dkt. 17], the Excaliber Defendants identified Westminster Living, LP, Pacific Housing Management, Inc., and Richard Hall as parties from whom the Excaliber Defendants would seek indemnification, but also attached as Exhibit "A" to the Cross-Complaint was a copy of both the Stipulation for Judgment and Judgment in the previous action known as *Westminster Living, LP v. Hussein Berri, et al.*, Superior Court of California for the County of Orange, Case No.00CC02401 ("Westminster Case");
2. In the Joint Report filed by the parties with the Court on **January 20, 2023** [Dkt. 18], the Excaliber Defendants stated that its witnesses would include:
   a. All persons with knowledge related to the contamination of the Excaliber

Property.

b. All persons with knowledge related to the contamination of the Newland Property.

c. All persons and agencies administrating environmental investigations, remediation and monitoring of the Excaliber and Newland Properties.

3. In his Further Supplement Responses to Amended Special Interrogatories, dated January 15, 2024, Defendant Berri stated that in addition to Defendant Excaliber and himself, he identified the following its former and current environmental consultants and other persons/agencies as having knowledge of the contamination of the Excaliber Property and the Newland Property:

CHRIS MARINO, Engineering Geologist
**SANTA ANA REGIONAL WATER QUALITY CONTROL BOARD (REGION 8)**
3737 MAIN STREET, SUITE 500
RIVERSIDE, CA 92501-3339
Tel: (619) 301-1168
chris.marino@waterboards.ca.gov

Matthew Cohen, State Water Board (e: matthew.cohen@waterboards.ca.gov)
Susan Ma, Esq., State Water Board, Office of Enforcement (e: susan.ma@waterboards.ca.gov)
Kirk Larson, Professional Geologist
Tom R. Gere, Professional Geologist
**California Water Boards**
State Water Resources Control Board
1001 I Street
Sacramento, CA 95814

Tamara Escobedo
Engineering Geologist
Hazardous Materials Mitigation Section
Environmental Health
**Orange County Health Care Agency**
1241 Dyer Road, Suite 120
Santa Ana, CA 92706
Tel: 714-433-6000
E: ehealth@ochca.com

**Related Agencies:**
South Coast Air Quality Management District
Orange County Sanitation District
Santa Ana Water Board
Kenneth Dixon, US EPA (e: Dixon.kenneth@epa.gov)

**Defendant's Consultants:**
Becky Sundilson Lead Consultant, Environmental Scientist Earth & Environment
WSP USA
1100 Town & Country Road, Suite 200
Orange, CA 92868
Tel: 714-321-8626
becky.sundilson@wsp.com

Jeffery Bennett, Vice President, Geologist
WSP USA
3560 Hyland Ave., Suite 100
Costa Mesa, CA 92626
Tel: 714-743-0482
Jeff.bennett@wsp.com

**Defendant's Former Consultants:**

F. Edward Reynolds, Jr., Registered Civil Engineer
The Reynolds Group
P.O. Box 1996
Tustin, CA 92781
Tel: 714-730-5397

4. In Defendant Excaliber's Supplemental Response to Request for Production, dated October 4, 2023, and Defendant Berri's Further Supplemental Response to Request for Production dated November 17. 2023, the Excaliber Defendants produced approximately 5,411 pages of investigation reports, testing samples, environmental consultants' reports and recommendations, remediation reports, and Staff letters from various State and Local Agencies, over the period beginning July 13, 2009 (when documents are first publicly available on the Geotracker Website of the California State Water Resources Control Board) through October, 2023 (when the Excaliber Defendant's finished their production). These documents were specifically produced to Plaintiff in anticipation of Plaintiff's later attempt to prevent introduction and use of these documents and information at trial by the Excaliber Defendants.
5. In support of the Excaliber Defendants' Motion for Summary Judgment filed with the Court on January 4, 2024 [Dkt.71], the Excaliber Defendants filed their Request for Judicial Notice on the same date [Dkt. 73], and attached the complaint in the Westminster Case.

6. In the Excaliber Defendants' Supplemental Request for Judicial Notice in support of Defendants Motion for Summary Judgment, filed on January 15, 2024 [Dkt. 84], the Excaliber Defendants provided the chain of title consisting of Grant Deeds on the Newland Property from the time it was acquired from Westminster Living, LP in 2002, through its current deed owned by Plaintiff.

Additionally, witnesses upon which Excaliber Defendants intends to rely on at trial, which have already been identified for Plaintiff in discovery, will be included in Excaliber Defendants' Witness List to be filed with this Court on February 23, 2024.

Again, other than sweeping arguments of inadmissibility with no specific factual support, Plaintiff has failed to identify any specific witnesses or legitimate reasons for its request or the scope thereof. Plaintiff's motion similarly fails to establish a valid basis for the Court to preclude Excaliber Defendants from utilizing and designating witnesses for trial.

## IV. CONCLUSION

For the foregoing reasons, Excaliber Defendants respectfully requests that Plaintiff's Motion *in Limine* No. 4 to Preclude Defendants from Introducing or Mentioning Any Evidence, Documents or Reports at Trial that were Not Produced and Disclosed in Discovery and Pursuant to Rule 26 be denied.

Respectfully submitted,

Dated: February 23, 2024

**COLLINS & KHAN LLP**

By: Marc Collins

MARC A. COLLINS
AZIM KHANMOHAMED
R. MICHAEL COLLUM
Counsel for Defendants
HUSSEIN M. BERRI and
EXCALIBER FUELS

Dated: February 23, 2024

Respectfully submitted,

NIXON PEABODY LLP

By: */s/ Stratton P. Constantinides*
STRATTON P. CONSTANTINIDES

*Attorney for Defendants*
Hussein M. Berri and Excaliber Fuels

# DECLARATION OF MARC COLLINS

I, Marc Collins, declare:

1. I am an attorney at law, duly licensed to practice before this Court and the Courts of the State of California, and am a member of Collins & Khan LLP, counsel of record for Defendants herein.

2. Beginning with December 9, 2023 and continuing through at least January 15, 2024, Excaliber Defendants identified witnesses and produced documents to Plaintiff.

3. In the Cross-Complaint filed by the Excaliber Defendants on **December 9, 2022** ([Dkt. 17], the Excaliber Defendants identified Westminster Living, LP, Pacific Housing Management, Inc., and Richard Hall as parties from whom the Excaliber Defendants would seek indemnification, but also attached as Exhibit "A" to the Cross-Complaint was a copy of both the Stipulation for Judgment and Judgment in the previous action known as *Westminster Living, LP v. Hussein Berri, et al*., Superior Court of California for the County of Orange, Case No.00CC02401 ("Westminster Case");

4. In the Joint Report filed by the parties with the Court on **January 20, 2023** [Dkt. 18], the Excaliber Defendants stated that its witnesses would include:

a. All persons with knowledge related to the contamination of the Excaliber Property.

b. All persons with knowledge related to the contamination of the Newland Property.

c. All persons and agencies administrating environmental investigations, remediation and monitoring of the Excaliber and Newland Properties.

5. In his Further Supplement Responses to Amended Special Interrogatories, dated January 15, 2024, Defendant Berri stated that in addition to Defendant Excaliber and himself, he identified the following its former and current

environmental consultants and other persons/agencies as having knowledge of the contamination of the Excaliber Property and the Newland Property:

CHRIS MARINO, Engineering Geologist
**SANTA ANA REGIONAL WATER QUALITY CONTROL BOARD (REGION 8)**
3737 MAIN STREET, SUITE 500
RIVERSIDE, CA 92501-3339
Tel: (619) 301-1168
chris.marino@waterboards.ca.gov

Matthew Cohen, State Water Board (e: matthew.cohen@waterboards.ca.gov)
Susan Ma, Esq., State Water Board, Office of Enforcement (e: susan.ma@waterboards.ca.gov)
Kirk Larson, Professional Geologist
Tom R. Gere, Professional Geologist
**California Water Boards**
State Water Resources Control Board
1001 I Street
Sacramento, CA 95814

Tamara Escobedo
Engineering Geologist
Hazardous Materials Mitigation Section
Environmental Health
**Orange County Health Care Agency**
1241 Dyer Road, Suite 120
Santa Ana, CA 92706
Tel: 714-433-6000
E: ehealth@ochca.com

**Related Agencies:**
South Coast Air Quality Management District
Orange County Sanitation District
Santa Ana Water Board
Kenneth Dixon, US EPA (e: Dixon.kenneth@epa.gov)

**Defendant's Consultants:**
Becky Sundilson Lead Consultant, Environmental Scientist Earth & Environment
WSP USA
1100 Town & Country Road, Suite 200
Orange, CA 92868
Tel: 714-321-8626
becky.sundilson@wsp.com

Jeffery Bennett, Vice President, Geologist
WSP USA
3560 Hyland Ave., Suite 100
Costa Mesa, CA 92626
Tel: 714-743-0482
Jeff.bennett@wsp.com

**Defendant's Former Consultants:**

F. Edward Reynolds, Jr., Registered Civil Engineer
The Reynolds Group
P.O. Box 1996
Tustin, CA 92781
Tel: 714-730-5397

6. In Defendant Excaliber's Supplemental Response to Request for Production, dated October 4, 2023, and Defendant Berri's Further Supplemental Response to Request for Production dated November 17. 2023, the Excaliber Defendants produced approximately 5,411 pages of investigation reports, testing samples, environmental consultants' reports and recommendations, remediation reports, and Staff letters from various State and Local Agencies, over the period beginning July 13, 2009 (when documents are first publicly available on the Geotracker Website of the California State Water Resources Control Board) through October, 2023 (when the Excaliber Defendant's finished their production). These documents were specifically produced to Plaintiff in anticipation of Plaintiff's later attempt to prevent introduction and use of these documents and information at trial by the Excaliber Defendants.

7. In support of the Excaliber Defendants' Motion for Summary Judgment filed with the Court on January 4, 2024 [Dkt.71], the Excaliber Defendants filed their Request for Judicial Notice on the same date [Dkt. 73], and attached the complaint in the Westminster Case.

8. In the Excaliber Defendants' Supplemental Request for Judicial Notice in support of Defendants Motion for Summary Judgment, filed on January 15, 2024 [Dkt. 84], the Excaliber Defendants provided the chain of title consisting of Grant Deeds on the Newland Property from the time it was acquired from Westminster Living, LP in 2002, through its current deed owned by Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of February, 2024, at Los Angeles, California.

/s/ Marc Collins

MARC COLLINS

**PROOF OF SERVICE**
**HUSSEIN BERRI ET AL. V. 12909 CORDARY, LLC ET AL.**
**8:22-cv-01748-JWH (JDEx)**

I, the undersigned, am over the age of eighteen years and am resident of Los Angeles County, California; I am not a party to the above-entitled action; my business address is 3435 Wilshire Blvd., Ste. 2600, Los Angeles, CA 90010. On February 23, 2024, I served the following document(s):

**DEFENDANTS HUSSEIN M. BERRI AND EXCALIBER FUELS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE DEFENDANTS FROM INTRODUCING OR MENTIONING ANY EVIDENCE, DOCUMENTS OR REPORTS AT TRIAL THAT WERE NOT PRODUCED AND DISCLOSED IN DISCOVERY AND PURSUANT TO RULE 26; DECLARATION OF MARC COLLINS IN SUPPORT**

Addressed to:

| | |
|---|---|
| Jad T. Davis, Esq.<br>Thomas V. Wynsma, Esq.<br>SHOOK, HARDY & BACON L.L.P.<br>5 Park Plaza, Suite 1600<br>Irvine, CA 92614 | Attorneys for Plaintiff and Cross-Defendant<br>Tel: (949) 475-1500<br>Fax: (949) 475-0016<br>Email: jtdavis@shb.com<br>twynsma@shb.com |

_____ BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

_____ BY FACSIMILE: In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

_____ BY OVERNIGHT EXPRESS: I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnight Express drop box in Los Angeles, California.

_____ BY PERSONAL SERVICE: I caused said documents to be personally served on all listed recipients Via ASAP Legal Services.

____X ___ BY ELECTRONIC MAIL TRANSMISSION: via email. I caused the listed documents to be electronically filed and or subsequently emailed to the above recipients.

Executed on February 23, 2024, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Sabrina Saleh*
Sabrina Saleh